IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KIONNE DEVAUGHN LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:26-CV-62-Z-BR |
| | § | |
| THE WARDEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS COMPLAINT**

Before the Court is the Complaint (ECF 3) filed by Plaintiff Kionne Devaughn Lewis while a prisoner in the Clements Unit of the Texas Department of Criminal Justice in Amarillo, Texas. His lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Lewis's Complaint be DISMISSED under 28 U.S.C. §§ 1915 and 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual

contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the Court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

### A.  Factual Background.

On March 26, 2026, Lewis filed this lawsuit against "The Warden" and Captain Alvarez, alleging that the food he receives at the Clements Unit is "unsanitary" and "slop." (ECF 3 at 4). He also claims that the portions of food he receives are not "survivable." (*Id.*). He further complains that Clements Unit administration is not responding to his grievances and that "they" are writing him cases for "explaining the obvious." (*Id.*). He alleges that Alvarez is "aware of the situation" and will not help him. (*Id.* at 3). The Court sent Lewis a Briefing Order and questionnaire, notifying him that his claims were insufficient and giving him an opportunity to amend through his questionnaire responses, but he failed to correct the deficiencies in his

Complaint. In addition, Lewis fails to allege a physical injury that would entitle him to relief under the PLRA. Accordingly, Lewis's claims should be dismissed as frivolous.

**B.      Lewis Fails to Allege Physical Injury Under the PLRA.**

Under the PLRA, no "[f]ederal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger*, 404 F.3d at 375. The application of Section 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Id.*; *see also Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 603, 605 (5th Cir. 2008) ("We have held that the application of [Section 1997e(e)] ... turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged.").

Lewis sues only for "money damages" and does not allege a physical injury. (ECF 3 at 4; ECF 11 at 6). Because he does not allege a physical injury, he is not entitled to recover the compensatory damages he seeks.[1] *See Hill v. Fagan*, No. 1:16-CV-185-BL, 2018 WL 3244617, at *3 (N.D. Tex. June 4, 2018) (recommending dismissal of prisoner's claim for compensatory damages because prisoner failed to allege a physical injury arising from the purported due process violation), *R. & R. adopted by* 2018 WL 3242274 (N.D. Tex. July 3, 2018). Lewis's claims should be dismissed for failure to meet PLRA requirements.

**C.      Lewis Has Stated No Claim Against The Warden.**

Lewis sues "The Warden" as the Clements Unit supervisor because "people are spitting in our food." (ECF 11 at 2). However, it is well established that supervisory officials are not liable

---

[1]Lewis seeks unspecified monetary damages and does not seek punitive damages or injunctive relief. (*Id.*).

3

for the acts of their subordinates unless they: (1) affirmatively participated in an act that caused a constitutional deprivation, or (2) implemented an unconstitutional policy that resulted in injury to the plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992) (*citing Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). A prisoner must sufficiently allege facts showing either personal involvement or implementation of an unconstitutional policy to make a supervisor responsible under Section 1983, as prison supervisors "are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins*, 828 F.2d at 303. Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy" itself is a repudiation of constitutional rights and is "the moving force of the constitutional violation." *Id*. at 304 (quotations omitted). Notwithstanding Lewis's failure to identify the warden he seeks to sue, Lewis's allegations fail to show a formal policy that created a violation of his rights, and he fails to show that The Warden was personally involved with the alleged violations. As a result, Lewis's claim against The Warden should be dismissed as frivolous.

**D.    Lewis Has Stated No Claim Against Alvarez.**

Lewis alleges that Alvarez is "aware of the situation" and will not help him. (*Id*. at 3). When asked to provide additional factual support for his claim via the Briefing Order questionnaire, he states that he wrote a grievance and Alvarez is "well aware" of other guards taking food off of some inmates' trays and putting the food on other trays, and that she approved of these actions. (ECF 11 at 3). These facts, if true, fail to state a viable claim against Alvarez.

To successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate facts that illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Personal involvement entails some causal nexus

between the defendant's individual conduct and the constitutional violation. *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981). An individual's mere ratification of or acquiescence to another person's conduct is insufficient to establish personal involvement. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Even assuming that guards taking his food constitutes a violation of Lewis's civil rights, Lewis does not allege that Alvarez participated in taking his food. He has failed to allege facts showing that Alvarez "affirmatively participate[d] in the acts that cause[d] the constitutional deprivation …" *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates v. Texas Dep't of Protective & Regulatory Servs.,* 537 F.3d 404, 435 (5th Cir. 2008)). Lewis has failed to show that Alvarez is personally involved in depriving Lewis of his constitutional rights.

To the extent that Lewis alleges that Alvarez somehow did not properly respond to his grievance, he has failed to state a plausible claim because there is no constitutionally protected right to a prison grievance system. *See Schwarzer v. Wainright*, 810 F. App'x 358, 360 (5th Cir. 2020) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Geiger*, 404 F.3d at 374 (holding that prisoners do not have a federally protected liberty interest in having grievances resolved to their satisfaction); *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 240 (5th Cir. 2020) (affirming trial court's dismissal of inmate's claim that his grievances were mishandled or improperly denied, as prisoners have no due-process rights in the inmate grievance process); *Grogan v. Kumar*, 873 F.3d 273, 280 (5th Cir. 2017) ("[I]t is well established that prisoners have no due process rights in the inmate grievance process.") (citation omitted); *Jenkins v. Henslee*, No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D. Tex. March 15, 2002) ("An inmate does not have a constitutional entitlement to [a] grievance procedure. Hence any alleged violation of the grievance procedure does not amount to a constitutional violation."). Lewis's conclusory claims regarding improper grievance procedures state no constitutional violation. *See Geiger*, 404 F.3d at 374-75 ("Insofar as

5

[the inmate] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.”). Lewis's claims against Alvarez should be dismissed as frivolous.

**E.      Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Lewis has failed to state a cognizable claim against either Defendant, despite being given opportunity to amend his original claims. Thus, the Court concludes that granting additional leave to amend under these circumstances would be futile and cause needless delay.[2]

### III.  RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Lewis's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and he should be issued a hereby issued a strike within the meaning of 28 U.S.C. § 1915(g).

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 14, 2026.

---

[2]That notwithstanding, the 14-day objection period will permit Lewis another opportunity to proffer factual and/or legal bases, if any, to cure the deficiencies in his claims outlined herein.

_____

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).