IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

KIONNE DEVAUGHN LEWIS

     Plaintiff,

v.

THE WARDEN, *et al.*,

     Defendants.

2:26-CV-062-Z-BR

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case under 28 U.S.C. Section 1915(e)(2)(B). ECF No. 12. An Objection to the FCR has been filed. ECF No. 13. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 12) is **ADOPTED** and this case is **DISMISSED with prejudice**.

LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and

recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge filed her FCR on May 14, 2026. ECF No. 12. Plaintiff dated his Objection five days later, on May 19, 2026. ECF No. 13 at 2. The Court assumes Plaintiff's objections were delivered to prison authorities on that date and thus gives Plaintiff the benefit of the "prison mailbox rule." Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

Plaintiff does not appear to make any specific objections to the Magistrate Judge's FCR. Instead, he challenges the "authority of this court" and seems to insinuate that the Court is taking bribes. ECF No. 13 at 1 ("It is obvious the pockets of TDCJ run deep."). Plaintiff presents no evidence of these allegations. He also insists his claims be heard by a jury. *Id.* at 2. But the Court is *required* to dismiss civil actions filed by prisoners proceeding *in forma pauperis* when the action is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). Plaintiff here is a prisoner proceeding *in forma pauperis*, and the action is both frivolous and fails to state a claim. ECF Nos. 9, 12. Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections, Plaintiff's Objection is **OVERRULED**.

2

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 12) is **ADOPTED** and this case is **DISMISSED with prejudice**.

**SO ORDERED.**

June 5, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE